UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TestQuest, Inc.,

Civ. File No. 02-288 (PAM/SRN)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Jay LaFrance,

Defendant.

---

This matter comes before the Court in an unusual procedural posture. Plaintiff asks the Court to rule on its request for a Temporary Restraining Order ("TRO"), which is in fact a request to reinstate an ex parte TRO entered by a Minnesota state court judge in late January 2002. Also pending are Plaintiff's Motion to Remand and Defendant's Motion to Dismiss or Transfer. These Motions were presented to Magistrate Judge Susan Richard Nelson, who issued a Report and Recommendation ("R&R") that recommends granting the Motion to Remand and Denying the Motion to Dismiss or Transfer. Plaintiff has filed timely objections to the R&R. Because the issues presented in the R&R implicate the Court's jurisdiction to rule on the TRO, the Court must consider those issues prior to making any determination on the propriety of a TRO.

**BACKGROUND**

Plaintiff TestQuest, Inc., is a software developer that designs testing software for various devices such as handhelds (Palm Pilot-type devices) and interactive TVs. Defendant

APR 08 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Jay LaFrance is a former employee of TestQuest. LaFrance describes TestQuest's products as "non-intrusive," which apparently means that TestQuest's testing software does not reside in the device's memory.

LaFrance came to work at TestQuest in March 1999 as the company's Vice President of Sales. At the time he was hired, TestQuest informed him that he would be required to sign TestQuest's standard employment agreement, as well as the so-called "Inventions Agreement" which contained a covenant not to compete and a confidentiality agreement. According to LaFrance, although he was told of the existence of the Inventions Agreement, he was not given a copy of this agreement when he was hired. He contends that he did not sign the Inventions Agreement until several days after he began working for TestQuest. LaFrance alleges that he was demoted in August 2000, and at that time he was required to sign a new employment agreement. TestQuest terminated LaFrance's employment without cause in October 2001, ostensibly due to "financial circumstances." (Compl. ¶ 22.)

Shortly after he was fired, LaFrance founded a new company called Wireless Automated Verifications Systems ("WAVS"). TestQuest claims that WAVS is in direct competition with TestQuest's products. LaFrance contends that WAVS designs intrusive testing products, and therefore does not compete with TestQuest's non-intrusive products.

LaFrance filed a lawsuit in California on January 11, 2002. LaFrance has not provided the Court with any of the papers from that lawsuit, but he asserts that the issue in that lawsuit is whether the non-competition agreement he signed with TestQuest is

enforceable. TestQuest instituted its lawsuit in Hennepin County on January 24, 2002, and received an ex parte TRO from the Minnesota state court judge on January 25, 2002. LaFrance removed the Minnesota action to this Court on January 31, 2002. TestQuest has challenged that removal and seeks a remand to state court. LaFrance has moved to dismiss or transfer the case to California on the basis of the first-filed rule.

In late March 2002, TestQuest filed a Motion seeking to "reinstate" the state-court TRO or, in the alternative, for a new TRO. LaFrance opposes the request. At the hearing on the TRO, the parties agreed that the Court should consider the remand and transfer issues in conjunction with the request for a TRO. As noted above, because the arguments about remand implicate the Court's jurisdiction, the Court must consider the remand issue first.

## DISCUSSION

### A. Motion to Remand

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. See 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). LaFrance takes issue with the Magistrate Judge's conclusion that LaFrance is not domiciled in California for the purposes of determining diversity jurisdiction. According to LaFrance, it is enough that both he and his wife have testified that he was living in California with the intent to remain there, and it was error for Magistrate Judge Nelson to weigh LaFrance's Minnesota connections when evaluating his domicile.

The Court cannot agree. Magistrate Judge Nelson recognized that this is a very close case on the issue of LaFrance's domicile, and thus looked carefully at all of the evidence to determine LaFrance's present domicile. While there is evidence indicating that LaFrance intends to relocate to California, the evidence also shows that he is still currently residing in Minnesota. As Magistrate Judge Nelson found, "the current facts suggcst [LaFrance] is intending to live [in California] in the future, rather than currently residing there."

As Magistrate Judge Nelson found, LaFrance's current domicile is Minnesota. Thus, there is no diversity jurisdiction in this case and the case was improperly removed. The lack of diversity jurisdiction deprives the Court of subject matter jurisdiction over the controversy, and thus the Court cannot consider the merits of LaFrance's Motion to Dismiss or Transfer, or of TestQuest's Motion for a TRO. Those Motions must be presented to the state-court judge after remand.

As the statute requires, the Court has conducted a de novo review of the entire record regarding Magistrate Judge Nelson's R&R. Based on that review and all the submissions of the parties, this Court adopts the R&R.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (Clerk Doc. No. 2) is **GRANTED** and this matter is **REMANDED** to the courts of Hennepin County, Minnesota;

2. Defendant's Motion to Dismiss or Transfer (Clerk Doc. No. 5) is **DENIED without prejudice**; and

3. Plaintiff's Motion for a Temporary Restraining Order (Clerk Doc. No. 15) is **DENIED without prejudice**.

Dated: April 6, 2002

Paul A. Magnuson
United States District Court Judge